IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Leroy Folkes, #298608, ) | Civil Action No.:2:13-00147-RMG-BHH |
| ) | |
| Petitioner, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | **OF MAGISTRATE JUDGE** |
| ) | |
| Warden Cartledge, *PCI*, ) | |
| ) | |
| Respondent. ) | |

The Petitioner, a state prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Respondent's Motion for Summary Judgment. (Dkt. No. 13; see also Dkt. No. 12.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

The Petitioner brought this habeas action on or about January 8, 2013. (See Dkt. No. 1.) On April 24, 2013, the Respondent moved for summary judgment. (Dkt. No. 13; see also Dkt. No. 12.) By order filed April 25, 2013, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 14.) Petitioner filed his Response in Opposition on or about June 27, 2013. (See Dkt. No. 25; see also Dkt. No. 28.)

**PROCEDURAL HISTORY**

The Petitioner is currently confined at Perry Correctional Institution ("PCI") of the South Carolina Department of Corrections ("SCDC"). Petitioner was indicted by the Lexington County Grand Jury for armed robbery in July of 2006. (R. at 114-15.) Sally Henry, Esquire, represented Petitioner on the charge. (See R. at 1.)

On October 20, 2006, Petitioner pled guilty to the lesser offense of attempted armed robbery before the Honorable William P. Keesley. (R. at 1-17.) Before accepting the plea, Judge Keesley conducted a Blair hearing;[1] Judge Keesley found that Petitioner was competent to stand trial. (R. at 1-5.) Petitioner was sentenced to twenty years of imprisonment. (R. at 17.)[2]

Petitioner appealed and was represented on appeal by Kathrine H. Hudgins, Esquire, of the South Carolina Commission on Indigent Defense. (Dkt. No. 12-2.) In an Anders[3] brief filed on December 17, 2007, appellate counsel argued that the trial judge "abused his discretion in imposing the maximum sentence." (Dkt. No. 12-2 at 8 of 13.) Ms. Hudgins also filed a petition to be relieved as counsel. (Id. at 11 of 13.) Petitioner filed a *pro se* Response to the Anders brief. (Dkt. No. 12-4.) In his *pro se* Response, Petitioner contended (a) the trial judge "abused his discretion in imposing the maximum sentence AND failing to consider the applicable special sentencing statute," and (b) the judge did not "make an 'informed' decision in accepting [Petitioner's] plea" in light of "possible incompetence." (See Dkt. No. 12-4 at 4 of 18.)

In an unpublished opinion filed on August 8, 2008, the South Carolina Court of Appeals dismissed Petitioner's appeal and granted counsel's petition to be relieved. (R. at 19-20.) The Court of Appeals issued the remittitur on August 26, 2008. (Dkt. No. 12-6.)

On or about October 3, 2008, Petitioner filed his first application for post-conviction relief ("PCR"). (R. at 21-26.) Petitioner raised the following claims in that application:

> (a) Ineffective assistance . . . of trial counsel and appellant [sic] counsel of calling Bryan Psychiatric Center doctor.

---

[1] See State v. Blair, 275 S.C. 529, 273 S.E.2d 536 (1981).

[2] Also before Judge Keesley was a probation violation; Judge Keesley revoked Petitioner's probation "in full" and ran that revocation concurrently with the twenty-year sentence. (R. at 17.) As Respondent notes, Petitioner has not contested the revocation in the instant § 2254 action.

[3] Anders v. California, 386 U.S. 738 (1967).

2

>(b) Trial judge abuse his discretion at applicant sentence and didn't have proper Blair hearing . . . .
>
>(c) The plea hearing was not held in compliance with the mandate of Rule 11, of Federal Rule of Criminal Procedures . . . .

(R. at 22-23.)

An evidentiary hearing was held in this PCR action on September 14, 2010, before the Honorable R. Knox McMahon. (R. at 32-67.) Petitioner was present and represented by Matthew McGuire, Esquire. (R. at 32.) In an order dated March 11, 2011, Judge McMahon denied the application for post-conviction relief and dismissed the petition. (R. at 73-82.) Petitioner did not appeal Judge McMahon's order.

On or about July 6, 2011, Petitioner filed a second PCR application (R. at 83-92.) Shortly thereafter, on or about July 19, 2011, Petitioner filed a third PCR application. (R. at 93-99.) The two actions were merged on August 16, 2011. (R. at 100-01.) In the State's return, the State consented to belated appellate review but argued the remainder of the allegations should be dismissed as successive and barred by time. (R. at 102-07.)

On September 27, 2011, Judge McMahon issued an order denying the application for PCR and dismissing the application with prejudice. (R. at 113.) This same order, however, granted Petitioner "a belated PCR appeal pursuant to Austin v. State, 305 S.C. 453, 409 S.E.2d 395 (1991)." (Id.) On June 11, 2012, Wanda H. Carter, Esquire, of the South Carolina Commission on Indigent Defense, filed a Petition for Writ of Certiorari. (See Dkt. No. 12-8.) Therein Petitioner raised the following issue:

>The circuit court ruled properly in granting petitioner's request for a belated PCR appeal because petitioner did not voluntarily and intelligently waive his right to an appeal [from] his first PCR action.

3

(Dkt. No. 12-8 at 3 of 7.) Also on June 11, 2012, Ms. Carter filed a filed a <u>Johnson</u> Petition for Writ of Certiorari and a petition to be relieved as counsel.[4] (<u>See</u> Dkt. No. 12-9.) In the <u>Johnson</u> petition, Petitioner raised the following issue:

> Trial counsel erred in failing to request a re-evaluation of petitioner's mental status by the state's doctors as the state's psychiatric report was incomplete because the mental health records from petitioner's commitment in New York were not factored into the diagnosis, which in turn meant that there was a reasonable probability that petitioner might have been found mentally incompetent had his entire mental health history been reviewed.

(Dkt. No. 12-9 at 3 of 10.) Petitioner did not file a *pro se* response to the <u>Johnson</u> petition. The Supreme Court of South Carolina entered an order denying the petition, and granting counsel's request to withdraw, on September 20, 2012. (Dkt. No. 12-12.) The matter was remitted to the lower court on October 9, 2012. (Dkt. No. 12-13.)

While the appeal of his second and third PCR actions was pending, Petitioner filed a fourth application for PCR on July 2, 2012. (Dkt. No. 12-14.) In this application, Petitioner contended he was being held in custody unlawfully for the following reason:

> The PCR court failed to release me after it forfeited jurisdiction, when it did not dispose of my case within the 365 days mandatory time frame. I filed my PCR application on October 3, 2008. The PCR court convened on September 14, 2010, eleven months after the forfeiture of its jurisdiction.

(Dkt. No. 12-14 at 3 of 11.) On April 24, 2013, Respondent filed a Motion to Dismiss the fourth PCR action, contending it was "successive to the Applicant's prior PCR action and was filed after the statute of limitations had expired." (Dkt. No. 12-15 at 7 of 8.)

On January 8, 2013, Petitioner then filed the instant habeas petition, wherein he raises the following grounds for relief (verbatim):

**Ground One**: Trial judge abused his discretion in imposing the maximum sentence.

---

[4] <u>See Johnson v. State</u>, 294 S.C. 310, 364 S.E.2d 201 (1988).

4

> **Supporting Facts**: Trial Judge abused his discretion of not getting Bryan Psychiatric Center doctor or files, only using state psychiatric file is error by Bryan hearing.
>
> **Ground Two**: Judge did not go by mandates of Rule 11 of Federal Rule of Criminal Procedure 18 U.S.C.A. which Judge fail to receive Bryan Psychiatric file.
> **Supporting Facts**: Judge did not go by mandates of Rule 11 of Federal Rule of Criminal Procedure 18 U.S.C.A. which Judge did not review Bryan Psychiatric file.

(Dkt. No. 1 at 5-6 of 15.)

## **APPLICABLE LAW**

**Summary Judgment Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

**Habeas Standard of Review**

Since the Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997); Breard v.

5

Pruett, 134 F.3d 615, 618 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.

28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 410. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S.Ct. 770, 786 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

## DISCUSSION

Respondent moved for summary judgment on all of Petitioner's grounds for relief. (See Dkt. No. 13; Dkt. No. 12.) The undersigned will address Petitioner's grounds in turn.

**A.     Ground One**

In Ground One of his Petition, Petitioner contends the trial judge "abused his discretion in imposing the maximum sentence." (Dkt. No. 1 at 5 of 15.) Petitioner asserts that the trial judge "abused his discretion" by not "getting [the] Bryan Psychiatric Center doctor or files" and by "using only [the] state psychiatric file." (Id.)

Respondent contends Ground One is not cognizable on federal habeas review because it "contests the sentence without any allegation of a violation of federal law." (Dkt. No. 12 at 13.) Respondent also asserts that because Petitioner did not raise this issue in

6

the trial court, it "could not have been considered in the *Anders* review, and may not be considered properly exhausted." (Id.) Finally, Respondent asserts that even if Ground One was considered on the merits, the claim would fail, as records from the Bryan Psychiatric Hospital "were not overlooked during the evaluation, but were a part of the evaluation that was . . . considered by the plea judge and made part of the plea proceedings." (Id. at 14.)

To the extent Petitioner claims he is entitled to federal habeas relief because the trial judge abused his discretion in imposing the maximum sentence, that claim is not cognizable on federal habeas review. See Estelle v. McGuire, 502 U.S. 62, 67 (1991); see also 28 U.S.C. § 2254(a); Hayward v. McCabe, Civ. A. No. 1:11-644-RBH-SVH, 2011 WL 6955886, at *9 (D.S.C. Dec. 8, 2011), adopted at 2012 WL 28306 (D.S.C. Jan. 4, 2012) (stating that, even if the petitioner's proportionality argument was considered on the merits, the argument would fail because, *inter alia*, "[w]hile the 30-year sentences were the maximum for armed robbery in South Carolina, they were within the limits permitted by law"); Williams v. Stevenson, Civ. A. No. 4:08-2647-HFF-TER, 2009 WL 2602217, at *6-7 (D.S.C. Aug. 24, 2009) (rejecting the petitioner's claim that his sentence of the maximum was excessive because "claims arising from state law are not cognizable," and "[a] state court's determination of a question of state law is binding in federal court").

In his Response in Opposition to the Motion for Summary Judgment, Petitioner contends that his trial counsel was ineffective in failing to request a reevaluation of Petitioner "because the mental health record[s] from Petitioner's commitment in New York were not factored into the diagnosis, which in turn meant that there was a reasonable probability that Petitioner might not have been found mentally competent had his entire mental health record been reviewed." (Dkt. No. 25 at 6 of 10.) Respondent filed a Reply, asserting that Petitioner did not make this ineffective assistance of counsel claim in his §

2254 petition. (See Dkt. No. 26 at 1 of 3.) Respondent states, "To the extent [Petitioner's] argument is offered as an amendment, Respondent objects on the basis of futility." (Id.)

Even considering Petitioner's ineffective assistance of counsel claim, Petitioner is not entitled to relief. Strickland v. Washington, 466 U.S. 668 (1984), states that a meritorious ineffective assistance of counsel claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. Id. at 687–96. A court's evaluation of counsel's performance under this standard must be "highly deferential," so as to not "second-guess" the performance. Id. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Id. (internal quotation marks and citation omitted); see also Bowie v. Branker, 512 F.3d 112, 119 n.8 (4th Cir. 2008); Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297–99 (4th Cir. 1992); Roach v. Martin, 757 F.2d 1463, 1467 (4th Cir. 1985). In order to establish the second prong of Strickland, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A "reasonable probability" has been defined as "a probability sufficient to undermine confidence in the outcome." Id. While Strickland itself is a deferential standard, when both § 2254(d) and Strickland apply, "review is doubly" deferential. Harrington v. Richter, 131 S.Ct. 770, 788 (2011). Indeed, when § 2254(d) applies, "[t]he question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington, 131 S.Ct. at 788. The two-part test enunciated in Strickland applies to challenges to guilty pleas based on ineffective assistance of counsel. See Hilll v. Lockhart, 474 U.S. 52, 58 (1985). "[I]n order to satisfy the 'prejudice' requirement [set forth in Strickland], the defendant must show

8

that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

As a preliminary matter, the undersigned notes that although the issue of records–or lack thereof–from the Bryan Psychiatric Hospital was raised at the PCR hearing, this exact issue was not addressed in the PCR judge's order. (See R. at 73-82.) The issue addressed by the PCR judge was counsel's "failure to adequately present mental health issues." (R. at 81.) In addressing this issue, the PCR judge stated,

> With respect to this claim, this Court finds that the Applicant has failed to meet his burden of proof. This Court finds Counsel's testimony that she presented arguments relating to the Applicant's mental health in her mitigating statement to the plea court to be credible, as it is supported by the record of the guilty plea hearing. At the same time, this Court finds Applicant's testimony on this issue not to be credible. As such, this Court finds that the Applicant is unable to prove ineffective assistance of counsel or resulting prejudice. Accordingly, this allegation is denied and dismissed.

(R. at 81.)

Because the PCR judge did not address Petitioner's claim that counsel was ineffective in failing to request reevaluation of the Petitioner, that claim is procedurally barred. See Montgomery v. Bodison, C.A. No. 6:09-778-HMH-WMC, 2010 WL 297667, at *4 (D.S.C. Jan 20, 2010) (although petitioner raised some claims in his petition, they were procedurally barred because the PCR court did not rule on them, and petitioner did not file a Rule 59(e) motion); Miller v. Padula, C.A. No. 2:07-3149-PMD, 2008 WL 1826495, at *10 (D.S.C. Apr. 23, 2008) (concluding the petitioner's claim that counsel was ineffective for failing to challenge the lack of timely action on the arrest warrant was not properly exhausted because the claim was not raised during the PCR hearing, and "[a]n issue not ruled upon by the PCR judge is not preserved for review on appeal," and the petitioner's "attempt to raise the new issue in his post-trial motion was insufficient to preserve the issue for appeal"). In any event, Petitioner's claim that his plea counsel was ineffective in failing

9

to request reevaluation because the Bryan Psychiatric Hospital records were not taken into account in the state's evaluation of him is belied by the record. The South Carolina Department of Mental Health's examiners reviewed Petitioner's records from the Bryan Psychiatric Hospital. (See R. at 69.)

It appears that Petitioner may be now contending that trial counsel was ineffective for failing to request reevaluation of him because the state's examiner did not have Petitioner's records from Creedmoor Psychiatric Center in New York. (See Dkt. No. 25 at 7 of 10.) As with the issue of ineffective assistance for failure to request reevaluation because the state examiners did not have records from Bryan Psychiatric Hospital, the PCR judge did not address this ineffective assistance claim, and it is therefore procedurally barred. Furthermore, because the record does not contain any records from Creedmoor Psychiatric Center, Petitioner is not entitled to relief. Cf. Cowans v. Bagley, 639 F.3d 241, 252 (6th Cir. 2011) (rejecting petitioner's claim that trial counsel should have challenged whether the evidence remained in the police's chain of custody because, *inter alia*, the claim "falters on the prejudice prong of Strickland" where the petitioner "has not provided any evidence . . . that raises a question about whether the palm print in fact ever left the State's custody"). The undersigned recommends granting summary judgment to Respondent on Ground One.

**B.     Ground Two**

In Ground Two, Petitioner asserts that the plea judge "did not go by the mandates of Rule 11" of the Federal Rules of Criminal Procedure. (See Dkt. No. 1.) The PCR judge did not address such a claim in his order; it is therefore procedurally barred.[5] Regardless,

---

[5] To the extent Ground Two could be interpreted to raise a claim that his guilty plea was involuntary, such a claim would be barred, as the issue was not raised in his PCR appeal. See Longworth v. Ozmint, 377 F.3d 437, 447-48 (4th Cir. 2004) (concluding that certain grounds are "procedurally defaulted as a result of [the petitioner's] failure to raise

Rule 11 of the *Federal* Rules of Criminal Procedure does not by its terms apply to state criminal proceedings. See Wade v. Coiner, 468 F.2d 1059, 1060 (4th Cir. 1972) (holding that "state judges may choose to engage in the colloquy mandated for their federal colleagues by Rule 11, but there is nothing in *Boykin* [*v. Alabama*, 395 U.S. 238 (1969),] that requires them to do so" and denying habeas relief where the record revealed the petitioner was aware of the nature of the charge and the consequences of his plea); see also Miles v. Dorsey, 61 F.3d 1459, 1467 (10th Cir. 1995) ("Rule 11 [of the Federal Rules of Criminal Procedure] only sets the standard for federal courts; it does not necessarily establish a constitutional prohibition applicable in state courts."). The undersigned therefore recommends granting summary judgment to Respondent on Ground Two.

---

them in his petition for certiorari to the South Carolina Supreme Court for review of the State PCR Court's decision").

## **CONCLUSION**

It is therefore RECOMMENDED, for the foregoing reasons, that Respondent's Motion for Summary Judgment (Dkt. No. 13) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE. It is further RECOMMENDED that a certificate of appealability be denied.[6]

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

November 25, 2013
Charleston, South Carolina

**The Petitioner's attention is directed to the important notice on the next page.**

---

[6] A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-85 (4th Cir. 2001). In this case, the undersigned recommends concluding that the standard for the issuance of a certificate of appealability has not been met.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).