IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| LEROY FOLKES, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 2:13-CV-00147-RMG |
| vs. ) | |
| ) | **ORDER** |
| WARDEN CARTLEDGE, PCI, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 31), recommending that Respondent's Motion for Summary Judgment be granted. For the reasons stated below, the Court **ADOPTS** the R & R in full. Accordingly, Respondent's Motion for Summary Judgment (Dkt. No. 13) is **GRANTED**.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b). However, as is the case here, where no objections are made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific

objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

The Court has carefully reviewed the pleadings, the parties' briefing, and the R & R, and concludes that the Magistrate Judge correctly applied the relevant law to the operative facts in this matter. Petitioner's claim that the trial judge abused his discretion in imposing the maximum sentence is not cognizable on federal habease review. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (holding federal habeas review is "limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States" and "does not lie for errors of state law").

Petitioner's claims that the trial judge did not follow the mandate of Fed. R. Crim. P. 11 and failed to review his file from the Bryan Psychiatric Center are, among other problems, procedurally barred because the PCR court did not rule on them, and Petitioner did not file a Rule 59(e) motion.[1] To the extent Petitioner claims that counsel was ineffective in failing to request reevaluation of the Petitioner, this claim is also procedurally barred.

---

[1] A habeas petitioner must exhaust the remedies available to him in state court. 28 U.S.C. 2254(b)(1). This requires a habeas petitioner to "fairly present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), *overruled on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, the applicant must make a Rule 59(e) motion to preserve the issue on appeal. *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007). Because Petitioner did not do so, he failed to fairly present his claim to South Carolina's appellate courts and bypassed his state court remedies.

-3-

Therefore, the Court **ADOPTS** in full the Magistrate Judge's Report and Recommendation (Dkt. No. 31) as the order of this Court. Accordingly, Respondent's Motion for Summary Judgment (Dkt. No. 13) is **GRANTED** and the habeas petition is **DISMISSED WITH PREJUDICE**.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

December 17, 2013
Charleston, South Carolina